JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Carolyn Miller

**DEFENDANTS** Hard Rock Cafe International (N.J) Inc., et al

**(b)** County of Residence of First Listed Plaintiff Baltimore County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Atlantic County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Law Offices of Vincent J. Ciecka, Joseph J. Urban, Esq., 5709 Westfield Avenue, Pennsauken, NJ 08110; 856-665-5709

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. Sec. 1332

Brief description of cause: Personal Injury/Slip and Fall

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $1,000,000.00

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE May 19, 2022

SIGNATURE OF ATTORNEY OF RECORD /s/Joseph J. Urban

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE FEDERAL DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CAROLYN MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>**HARD ROCK CAFÉ INTERNATOINAL (N.J.) INC.; HARD ROCK ATLANTIC CITY, LLC; HARD ROCK HOTEL & CASINO, INC.; JOHN DOE PROPERTY OWNERS/ MANAGERS No. 1-100;** (fictitiously named defendants), and **JACK DOE MAINTENANCE CO. Nos. 1-100,** inclusive (fictitiously named defendants), individually, jointly, severally and/or in the alternative,<br><br>Defendants | : | Docket No. |

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

The Plaintiff, Carolyn Miller, residing at 27 Horseradish Lane, in the City of Baltimore, County of Baltimore, and State of Maryland, by way Complaint against the Defendants, says:

**FIRST COUNT**
**Plaintiff v. All Defendants**

1. On or about June 19, 2021, Plaintiff, Carolyn Miller, was lawfully on the premises known as The Hard Rock Hotel & Casino located at 1000 Boardwalk, in the City of Atlantic City, County of Atlantic and State of New Jersey, for a birthday celebration with her family at the restaurant "The Hard Rock Café".

2. The Defendants, Hard Rock Café International (N.J.) Inc., Hard Rock Atlantic City, LLC, Hard Rock Hotel & Casino's Inc.'s corporate headquarters is located at 6100 Old Park Lane, Orlando, Florida at zip 32835.

3. At all times relevant herein, Defendants, Hard Rock Café International (N.J.) Inc., Hard Rock Atlantic City, LLC, Hard Rock Hotel & Casino's Inc., and/or John Doe Property Owners/Managers 1-100, managed, owned, occupied, operated, possessed, controlled, inspected, repaired, cleaned and/or otherwise maintained The Hard Rock Cafe, including the premises, floors, hallways, entrances, exits, walkways, staircases, and property known and operated as "The Hard Rock Café".

4. At all relevant times herein, Defendant, John Doe Property Owners/Managers Nos. 1-100, are fictitiously named defendants, whose identities are unknown at present, but who owned, operated, possessed, managed, inspected, repaired, maintained, cleaned, and/or otherwise controlled the property, business and/or facility commonly known as The Hard Rock Hotel & Casino and The Hard Rock Café, 1000 Boardwalk, in the City of Atlantic City, County of Atlantic and State of New Jersey 08401.

5. At all relevant times herein, Defendant, Jack Doe Maintenance Co. Nos. 1-100, are fictitiously named defendants, whose identities are unknown at present, but who owned, operated, possessed, managed, inspected, repaired, cleaned, polished, maintained and/or otherwise maintained the property, flooring, staircases, entranceways, exits, business and/or facility commonly known as The Hard Rock Hotel & Casino and the Hard Rock Cafe,1000 Boardwalk, in the City of Atlantic City, County of Atlantic and State of New Jersey 08401.

6. At the aforesaid time and place, the defendants acted by and through their agents, contractors, servants, lessees, workers, employees and/or those under their supervision and control and each defendant, along with their agents, contractors, servants, lessees, workers, employees and/or those under their supervision and control, acted by or on the behalf of the other defendants named herein.

7. At the aforesaid time and place, the defendants, acting by and through their agents, contractors, servants, lessees, workers, employees and/or those under their supervision and control, did so carelessly and negligently inspect, maintain, repair, clean, operate and/or

otherwise failed to keep the floors, hallways, entrances, walkways staircases and other areas inside the premises in a safe and clean condition, free and clear of liquids, water and/or other slippery substances so as to create a dangerous and unsafe condition for people walking inside the facility, invitees and/or people otherwise lawfully on the premises of The Hard Rock and The Hard Rock Café, including the Plaintiff herein.

8. The Defendants created, and/or had actual and/or constructive knowledge of the dangerous condition of the premises as aforesaid, and knew or reasonably should have known that the dangerous condition created a reasonably foreseeable risk of injury to persons lawfully on the premises, business invitees and/or persons walking in the premises, including the Plaintiff herein.

9. The Defendants, individually, jointly, and/or severally, were under a duty to take reasonable action, both precautionary and remedial in nature, to provide for the safety of persons on or using the premises, business invitees, persons walking on the subject flooring, including but not limited to, the hallways on staircases, at the entrances and exits, and/or those members of the general public who were or might be utilizing and/or walking upon said premises, including the Plaintiff herein.

10. The Defendants failed and neglected to take such reasonable action so as to provide for the safety of persons on or using the premises, business invitees, persons walking on the subject flooring including but not limited to the staircases, steps, entrances and exits and/or those members of the general public who were or might be utilizing and/or walking upon said premises, thereby causing injuries to the Plaintiff, Carolyn Miller.

11. The Defendants additionally had a duty to take reasonable action to warn and/or failed in adequately providing warnings to persons on or using the premises, business invitees, persons walking on the subject flooring, including but not limited to, the hallways on staircases, at the entrances and exits and/or those members of the general public who were or might be

utilizing and/or walking upon said premises that a slippery, unsafe and dangerous condition was present upon the premises as aforesaid.

12. In addition to the allegations contained above, the Defendants, individually, jointly and/or severally, were negligent, reckless and/or careless in that they:

(a) failed to properly, adequately and carefully inspect the premises, especially the floors, and keep said premises in a safe condition;

(b) failed to exercise due and proper care in the maintenance, cleaning, polishing, and repair of the premises, especially the floors;

(c) created, caused and permitted a dangerous and hazardous condition to exist on the premises, including a slippery floor;

(d) failing to use proper flooring and proper cleaning materials in installation, maintenance repair and subject materials;

(e) permitted a nuisance to exist on their premises;

(f) failed to provide proper, safe and clear access and usage for all persons allowed and invited to use the premises;

(g) failed to provide proper safeguards and/or warnings on the premises and by not placing any warning signs notifying persons of the hazardous and dangerous condition;

(h) were otherwise negligent in the use, operation, maintenance and control of the premises;

(i) were negligent in providing appropriate warnings, security and/or lighting to notify persons of the unsafe and dangerous condition; and

(j) other acts of negligence, carelessness and recklessness as may be further revealed during the course of discovery and/or at the time of trial.

13. As a direct and proximate result of the negligence and carelessness of the Defendants, as aforesaid, Plaintiff, Carolyn Miller, while on the premises of The Hard Rock and The Hard Rock Café on the date aforesaid, was caused to slip, trip and/or fall due to the slippery conditions that permitted to exist on the floor of its premises, thus creating an unsafe and dangerous condition.

14. As a direct and proximate result of the negligence and carelessness of the Defendants, as aforesaid, which created the unsafe and dangerous condition, Plaintiff suffered significant injuries, which are diverse, serious personal injuries of both a temporary and permanent nature. Plaintiff has endured and will in the future continue to endure great pain and suffering, has been and will be compelled to expend large sums of money for medical care and treatment; plaintiff has in the past and will in the future suffer a loss of past earnings and a diminishment of his future earnings and earning capacity and all of his activities of daily life have been impaired, interfered with and hampered and he has otherwise suffered great physical and mental pain and suffering and loss of enjoyment of life.

15. As a proximate result of the negligence and carelessness of the defendants, and the resulting fall, Plaintiff, Carolyn Miller, has endured and will continue to endure great pain and suffering and loss of enjoyment of life, has been and will be compelled to expend large sums of money for physicians and medical treatment in an attempt to be cured of said injuries and has been and will be prevented from attending to all normal business and affairs, and has suffered various other economic and non-economic damages, including but not limited to, medical expenses, wage loss and other pecuniary damages.

**WHEREFORE**, the Plaintiff, Carolyn Miller, demands judgment in her favor and against Defendants, Hard Rock Café International (N.J.) Inc., Hard Rock Atlantic City, LLC, Hard Rock Hotel & Casino's Inc., John Doe Property Owners/Managers Nos. 1-100, and/or Jack Doe Maintenance Co. Nos. 1-100 (fictitiously named defendants), individually, jointly, severally and/or in the alternative for damages, interest, costs of suit and such other relief as this Court shall deem fair and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues.

**LAW OFFICES OF VINCENT J. CIECKA, PC**

/s/Joseph J. Urban

Joseph J. Urban, Esquire
Attorney for Plaintiff

Dated: May 19, 2022